Argued and submitted July 1, 1991, reversed and remanded for reconsideration
April 22, 1992

In the Matter of the Compensation of
John J. Alcantar, Claimant.

CASTLE & COOKE,
*Petitioner,*

*v.*

John J. ALCANTAR,
Oak Grove Foods, United Foods, Inc.,
and United States Fidelity & Guaranty Company,
*Respondents.*

(WCB 87-18551, 87-01266 and 88-01581; CA A64740)

829 P2d 742

Craig A. Staples, Portland, argued the cause for petitioner. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

No appearance for respondent John J. Alcantar.

Jay W. Beattie, Portland, argued the cause for respondent Oak Grove Foods. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Daryll E. Klein, Milwaukie, waived appearance for respondents United Foods, Inc., and United States Fidelity & Guaranty Company.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

RICHARDSON, P. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## RICHARDSON, P. J.

Petitioner seeks review of the Workers' Compensation Board order holding that petitioner is responsible for claimant's back condition from November, 1986, until October 23, 1987.[1] It argues that the Board erred by holding that it had waived its right to assert a "causation defense" by contesting responsibility only. We reverse.

Claimant injured his back in 1982, while employed by petitioner as a mushroom picker. Petitioner was self-insured for workers' compensation and accepted the claim, which was closed as nondisabling. Subsequently, the business changed owners three times.[2] Claimant again developed back problems associated with his work in 1986 when Oak Grove Foods (Oak Grove) was the employer. He filed an aggravation claim with petitioner, which denied the claim:

> "Information in our files indicates to us that your current condition is a result of present work activity * * *.

> "Therefore, [we] must respectfully deny your claim for aggravation, as your present complaints are not a result of your July 13, 1982 claim."

Claimant later filed a new injury claim with Oak Grove and it denied both responsibility and compensability.

The referee found that petitioner was responsible, because the 1982 injury was a material contributing cause of claimant's condition. The Board concluded that the injury in 1982 was not a material contributing cause of claimant's present back disability and that his work activities for Oak Grove had independently contributed to his condition.

The Board granted Oak Grove's request for reconsideration and, in its first order on reconsideration, held that petitioner was barred from asserting a "causation defense," because it had acquiesced in an order designating a paying

---

[1] United Foods, Inc., insured by United States Fidelity & Guaranty Company, was found to be responsible for claimant's condition after October 23, 1987. It does not challenge that ruling.

[2] Claimant, at all times relevant to this review, worked in the same place for different employers. It was owned by petitioner in 1982. In 1985, it was owned by Mushroom King, and, in 1986, it was owned by Oak Grove Foods. By October, 1987, the business had been sold to United Foods, Inc. *See* n 1, *supra*.

agent under ORS 656.307. The Board concluded that petitioner, not Oak Grove, was responsible for claimant's disability. It later granted petitioner's motion for reconsideration. It agreed that there had been no order under ORS 656.307, but held that petitioner had "waived its compensability defense of causal connection because it did not raise [it]." It affirmed the first order on reconsideration, as modified, that petitioner was responsible.

■■■ The Board's rationale appears to be that a causal connection between a previously accepted claim and a present condition relates only to whether a claim is compensable. A claim is compensable if the injury arises out of and in the course of claimant's employment. However, even if a condition is compensable, there can still be questions of causation to sort out as to which employer or insurer is responsible. We agree with petitioner's argument:

"The Board's determination that [petitioner] waived its causation defense stemmed solely from its belief that causation may be argued only in the context of a compensability denial. The Board is wrong; a responsibility denial may also be defended on the basis of causation."

A concession of compensability only admits that a claimant's condition resulted from a work exposure. It does not operate to waive an employer's right to argue that the disability is not related to a work exposure in its employment. The Board erred by foreclosing the issue of causation.

■ Oak Grove argues that, even if it was not waived, the defense was in fact litigated and the referee and the Board found that there was a causal connection between claimant's condition and the 1982 injury. Although the Board may have made that determination, it is difficult to tell whether it was made on the facts or on the rationale that petitioner was foreclosed from contesting it. The Board's error of law infected its findings of fact and its conclusion.

Reversed and remanded for reconsideration.